**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DARNELL KING, | |
| Petitioner, | CIVIL ACTION NO. 3: 05-CV-0709 |
| v. | (JUDGE CAPUTO) |
| RONALD HOLT, Warden, FCI Schuylkill, | |
| Respondent. | |

**MEMORANDUM**

Presently before the Court is the Report and Recommendation of Magistrate Judge Blewitt (Doc. 5) and Petitioner Darnell King's Motion in Opposition and Objection to Magistrate Judge Blewitt's Report and Recommendation (Doc. 6), which the Court construes as objections to the Report and Recommendation. In the Report and Recommendation, Magistrate Judge Blewitt recommends that the Petition for Writ of Habeas Corpus under § 2241 be dismissed for lack of jurisdiction. For the reasons set forth below, the Court will overrule Petitioner's objections and adopt the Report and Recommendation.

**BACKGROUND**

In February 2000, following a jury trial, Petitioner was convicted of committing extortion in violation of 18 U.S.C. § 1951 in the United States District Court for the Southern District of New York. In May 2000, the court sentenced Petitioner to 210 months imprisonment followed by three years of supervised release. Petitioner directly appealed his conviction to the Second Circuit Court of Appeals. In April 2001, the Second Circuit Court of Appeals denied Petitioner's appeal. Petitioner filed a motion

pursuant to 28 U.S.C. § 2255 attacking the validity of his sentence. In June 2003, the United States District Court for the Southern District of New York denied Petitioner's motion. Petitioner sought permission from the Second Circuit Court of Appeals to file a second § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3), claiming that his sentence violated *Blakely v. Washington,* 542 U.S. 296 (2004), and *Booker v. United States*, - - - U.S. - - -, 125 S.Ct. 738 (2005). In February 2005, the Second Circuit Court of Appeals denied Petitioner's request.

In April 2005, Petitioner filed this Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner claims that his continued incarceration is unlawful because: (1) the sentencing court unconstitutionally enhanced his sentence under the United States Sentencing Guidelines from 51-71 months to 210 months based on his prior New York state convictions; (2) the sentencing court lacked jurisdiction to impose the sentence; and (3) Petitioner's sentence and conviction violates a treaty of the United States. (Doc. 1.)

In April 2005, Magistrate Judge Blewitt issued a Report and Recommendation, in which he recommended that the petition be dismissed for lack of jurisdiction because Petitioner's remedy under § 2255 is adequate. In May 2005, Petitioner filed objections to Magistrate Judge Blewitt's Report and Recommendation, in which Petitioner claims the Court has jurisdiction over the petition. This matter is fully briefed and ripe for disposition.

## LEGAL STANDARD

Where the petitioner files objections to the magistrate judge's report, the Court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*,

2

885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)). The objections must be timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Even though review is *de novo*, the Court may rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). The Court may determine the standard by which it reviews uncontested portions of the report. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. The Court should at least review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

Petitioner objects to Magistrate Judge Blewitt's Report and Recommendation on the following grounds: (1) Petitioner claims the Court has jurisdiction over his Petition for Writ of Habeas Corpus under § 2241 because the remedy afforded under § 2255 is inadequate in light of the recent Supreme Court decision in *Booker*,[1] and because Petitioner is "actually innocent" of his prior New York state convictions that resulted in his receipt of an enhanced sentence; and (2) Petitioner claims the Court has jurisdiction over his petition brought under § 2241 because the issues he presents for adjudication involve

---

[1] Petitioner relies on *Blakely* and *Booker*; however, his argument is governed by *Booker* because he was convicted and sentenced in federal court. (Doc. 6 at 7.)

a treaty violation (Doc. 6 at 6.)  The Court will discuss each of Petitioner's objections below.

**1)      Inadequacy of the Remedy Under § 2255**

    **A)      *Booker***

Petitioner claims that his remedy under § 2255 is inadequate based on the recent Supreme Court decision in *Booker*. The Court finds no merit to Petitioner's claims that his remedy under § 2255 is inadequate.  Federal prisoners presumptively challenge allegedly invalid convictions or sentences by motions pursuant to § 2255.  *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  Additionally, "where the issues in controversy are such as have been traditionally within the reach of habeas corpus and now are cognizable by the sentencing court under § 2255, a motion under § 2255 normally supercedes habeas corpus and provides the exclusive remedy."  *United States ex. rel. Leguillou v. Davis*, 212 F.2d 681, 683 (3d Cir. 1954).  Pursuant to § 2255, "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Courts have held that the remedy under § 2255 is inadequate only in rare situations.  *In re Dorsainvil*, 119 F.3d 245, 250-251 (3d Cir. 1997).  The sentencing court's denial of a § 2255 motion is insufficient evidence that the remedy under § 2255 is inadequate.  *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (*per curiam*). Conversely, a motion under § 2255 is inadequate or ineffective if "some limitation of

4

scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *Leguillou*, 212 F.2d at 684; *see also Okereke*, 307 F.3d at 120 (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)).

The Court may find the remedy for a motion under § 2255 inadequate in the rare situation when an intervening change in substantive law makes a crime non-criminal through retroactive application of the new law. *Dorsainvil*, 119 F.3d at 251. In *Dorsainvil*, the petitioner challenged his conviction based on a subsequent Supreme Court holding that had the potential to negate the crime of which the petitioner was convicted. *Id*. at 246. The Third Circuit Court of Appeals found this to be an intervening change in substantive law previously unavailable to the petitioner. *Id*. at 251. Thus, the Third Circuit Court of Appeals held that the remedy for the petitioner's motion under § 2255 was inadequate and allowed the petitioner to file a petition for writ of habeas corpus pursuant to § 2241. *Id*. at 252.

The sentencing court's denial of Petitioner's motion for relief under § 2255 is insufficient evidence of a "limitation of scope or procedure" that had the effect of denying Petitioner a "full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971). Further, Petitioner's reliance on *Booker* does not establish a rare situation of inadequacy like *Dorsainvail*, where "an intervening change in substantive law [made] a crime non-criminal through retroactive application of the intervening law." 119 F.3d at 245. This is evident from the recent holding in *Lloyd v. United States*, in which the Third Circuit Court of Appeals held that *Booker* is not

retroactive. 407 F.3d 608, 615-16 (3d Cir. 2005). Moreover, even if *Booker* were retroactive, it is not an intervening change in the law that renders Petitioner's crime non-criminal, nor does it apply favorably to Petitioner because the fact of a prior conviction need not be proven beyond a reasonable doubt. *Booker*, 125 S.Ct. at 750; *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt.") (emphasis added). Consequently, the Court will overrule Petitioner's objection.

### B) "Actual Innocence"

Petitioner also claims that his remedy under § 2255 is inadequate because he is "actually innocent" of his prior New York state convictions that resulted in his receipt of an enhanced sentence. (Doc. 6 at 4-5.) Petitioner argues that the jury in the sentencing court did not determine them as facts beyond a reasonable doubt. (Doc. 6 at 4-5.) As noted, the fact of a prior conviction need not be proven beyond a reasonable doubt. *Booker*, 125 S.Ct. at 750; *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) (excluding "the fact of a prior conviction"). Further, Petitioner's claim of "actual innocence" of the underlying enhancements does not render his remedy under § 2255 inadequate, nor does it give the Court jurisdiction to hear his petition under § 2241. Thus, the Court will overrule Petitioner's objection that the relief available under § 2255 is inadequate.

### 2) Treaty Violation

Lastly, Petitioner claims that the Court can hear his petition under § 2241 because the issues he presents for adjudication involve a treaty violation. Although the writ of habeas corpus may extend to a prisoner if "[h]e is in custody in violation of the

Constitution or laws or treaties of the United States," § 2241 (c)(3), Petitioner does not cite any particular treaty. Accordingly, the Court will overrule Petitioner's objection.

## CONCLUSION

Based on the foregoing, the Court holds in accordance with the Report and Recommendation that Petitioner's Habeas Corpus Petition should be dismissed for lack of jurisdiction. A motion under § 2255 is the exclusive remedy when it is cognizable by the sentencing court. Petitioner did not demonstrate an inability to use this motion. Petitioner's appropriate remedy would be to request that the Second Circuit Court of Appeals certify a successive § 2255 motion. Accordingly, the petition will be dismissed for lack of jurisdiction.

An appropriate Order shall follow.


July 19, 2005                               /s/ A. Richard Caputo
Date                                         A. Richard Caputo
                                             United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DARNELL KING,

    Petitioner,                           CIVIL ACTION NO. 3:05-CV-0709

    v.

                                                 (JUDGE CAPUTO)

RONALD HOLT, Warden,
FCI Schuylkill,

    Respondent.

## ORDER

**NOW**, this  19th  day of July, 2005, **IT IS HEREBY ORDERED THAT**:

(1)    Petitioner's objections (Doc. 6) are **OVERRULED.**

(2)    The Report and Recommendation (Doc. 5) is **ADOPTED.**

(3)    Petitioner's Petition For Writ of Habeas Corpus By A Person in Federal Custody (Doc. 1) is **DISMISSED.**

(4)    The Clerk of the Court shall mark this case **CLOSED.**

                                                   /s/ A. Richard Caputo
                                                   A. Richard Caputo
                                                   United States District Judge